UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EQUIPMENT LEASING GROUP OF AMERICA, LLC and LAKESIDE BANK, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 17-cv-07123 |
| MCG CANE BAY, LLC, BOMA, L.C. and BMB INVESTMENTS LLC, | ) ) ) | Judge Samuel Der-Yeghiayan |
| Defendants. | ) ) | |

**DEFENDANTS MCG CANE BAY, LLC, BOMA, L.C. and
BMB INVESTMENTS LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

Now come Defendants MCG Cane Bay, LLC ("MCG"), BOMA, L.C. ("BOMA") and BMB Investments LLC ("BMB") (collectively "Defendants"), and for their Answer to Plaintiffs' Complaint, states as follows:

**PARTIES**

1. ELGA is a Delaware limited liability company that maintains its place of business at 211 Waukegan Road, Northfield, Illinois 60093. ELGA's sole member is LBBB, LLC, an Alaska limited liability company. The members of LBBB, LLC are The Lee A. Trebels Trust, a trust organized under the laws of the State of Illinois and Brian Trebels and Brent Trebels, both residents of Cook County, Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 1.

2. Lakeside is a (sic) Illinois banking corporation that maintains its place of business at 55 W. Wacker Drive, Chicago, Illinois 60601.

1

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 2.

3. MCG is a Florida limited liability company that maintains its place of business at 121 S. Orange Avenue, Orlando, Florida 32801. The members of MCG are, upon information and belief, Mosaic Capital Group, LLC ("Mosaic') and BOMA. Mosaic is a Florida limited liability company. The members of Mosaic are, upon information and belief, Boyd J. Brown, Manuela H. Brown and Mark S. Brown, all residents of the State of Utah.

**ANSWER**: Defendants admit MCG is a Florida limited liability company that maintains its principal place of business at 121 S. Orange Avenue, Orlando, Florida 32801, and the members of MCG are Mosaic and BOMA. Defendants deny the remaining allegations in Paragraph No. 3.

4. BOMA is a Utah limited liability company that maintains its place of business at 1668 Ridge Point Drive, Bountiful, Utah 84010. The members of BOMA are Boyd J. Brown, Manuela H. Brown and Rhonda Rose Drecksler, all residents of the State of Utah, and BMO Investments, Ltd., the general partners of which are Boyd J. Brown and Manuela H. Brown.

**ANSWER:** Defendants admit BOMA is a Utah <u>limited</u> <u>company</u> that maintains its place of business at 1668 Ridge Point Drive, Bountiful, Utah 84010. Defendants deny the remaining allegations in Paragraph No. 4.

5. BMB is a Utah limited liability company that maintains its place of business at 1410 20th Street, Miami, Florida 33139. The members of BMB are, upon information and belief, Boyd J. Brown, Manuela H. Brown, Mark S. Brown, Scott Brown, Karen Brown Reimann, Wade Brown, all residents of the State of Utah, and The Mark S. Brown 101 Trust, The Craig Brown 101 Trust, The Scott Brown 101 Trust, The Wade Brown 101 Trust and The Karen Brown Reimann 101 Trust, each a trust organized under the laws of the State of Utah.

**ANSWER:** Defendants admit BMB Investment, LLC is a Utah limited liability company with members that include, Mark Steven Brown, Scott Brown, Karen Brown Reimann, Mark Brown 101 Trust, Craig Brown 101 Trust, Scott Brown 101 Trust and Karen Reimann 101 Trust. Further answering, Defendants admit that each member of BMB Investment LLC that is a trust, is organized under the laws of the State of Utah, but denies the remaining allegations in Paragraph No. 5.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different states.

**ANSWER:** Defendants admit that Plaintiff has alleged jurisdiction pursuant to 28 U.S.C. §1332(a)(1). Further answering, Defendants state that this allegation is a legal conclusion to which no answer is required. To the extent an answer is required to any of the allegations contained in paragraph No. 6, Defendants deny the same.

7. Venue is appropriate in this court pursuant to 28 U.S.C. §1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendants are all subject to jurisdiction in this District.

**ANSWER:** Defendants admit that Plaintiff has alleged venue pursuant to 28 U.S.C. §1391(b)(2) and (3). Further answering, Defendants state that this allegation is a legal conclusion to which no answer is required. To the extent an answer is required to any of the allegations contained in paragraph No. 7, Defendants deny the same.

## BACKGROUND

8. This matter arises out of two equipment leases between ELGA and MCG, which BOMA and BMB guaranteed.

**ANSWER:** Defendants admit the allegations in Paragraph No. 8.

### I. The First Lease

9. On or about December 30, 2015, ELGA and MCG entered into Lease Agreement 20151001-01 (the "First Lease") for the equipment identified in Exhibit A thereto. A true and correct copy of the First Lease is attached hereto as Exhibit 1.

**ANSWER:** Defendants admit the allegations in Paragraph No. 9.

10. The First Lease called for MCG to make 60 payments of $3,631.30 plus taxes, for a total monthly payment of $3,921.79.

**ANSWER:** Defendants state that the First Lease speaks for itself and denies any allegations in Paragraph No. 10 that are inconsistent with the language in the First Lease.

11. At the time that ELGA and MCG entered into the First Lease, the equipment identified in Exhibit A thereto was on order from the equipment vendors, and an initial payment to the vendors of 50% of the purchase price was required. MCG desired to commence the First Lease prior to the complete delivery and installation of all of the equipment, and as an accommodation to MCG, ELGA was willing to pay the vendors and commence the First Lease prior to the delivery and installation of all of the equipment.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 11, and therefore denies same.

12. In connection therewith, MCG provided ELGA a Pre-Delivery Certificate of Lessee, a true a correct copy of which is attached hereto as Exhibit 2, in which MCG unconditionally agreed as follows:

> 1. Lessee [MCG] hereby certifies that the portion of the Equipment that has already been delivered to Lessee, if any, is fully installed, working properly and irrevocably accepted by the Lessee. Lessee hereby directs Lessor to pay the Vendor for all such Equipment and all other Equipment that is included in the Lease but not delivered and installed as of the date the Lease commences.
>
> 2. The Lessee understands that if the later delivered or installed Equipment is not delivered on time, or is not delivered at all, or is defective or not working properly, or is not what the Lessee expected, or if there is any other problem with such Equipment, the Lessee nevertheless will be responsible to make all payment under the Lease and comply with all other terms and conditions under the Lease. The Lessee understands that the Lease is not cancellable for any reason, including but not limited to, any of the reasons set forth above.

Exhibit 2, ¶¶ 1, 2.

**ANSWER:** Defendants state that the Pre-Delivery Certificate of Lease speaks for itself and denies any allegations in Paragraph No. 12 that are inconsistent with the language in the Pre-Delivery Certificate.

## II. The Second Lease

13. On or about December 30, 2015, ELGA and MCG entered into Master Lease Agreement 20151223 (the "Second Lease") for the equipment identified in Exhibit A to Schedule 01 thereto. A true and correct copy of the Second Lease is attached hereto as Exhibit 3.

**ANSWER:** Defendants admit the allegations in Paragraph No. 13.

14. The Second Lease called for MCG to make 60 monthly payments of $8,804.22 plus taxes, for a total monthly payment of $9,508.56.

**ANSWER:** Defendants state that the Second Lease speaks for itself and denies any allegations in Paragraph No. 14 that are inconsistent with the language in the Second Lease.

15. At the time that ELGA and MCG entered into the Second Lease, the equipment identified in Exhibit A to Schedule 01 thereto was on order from the equipment vendors, and an initial payment to the vendors of 50% of the purchase price was required. MCG desired to commence the Second Lease prior to the complete delivery and installation of all of the equipment and as an accommodation to MCG, ELGA was willing to pay the vendors and commence the Second Lease prior to the delivery and installation of all of the equipment.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 15, and therefore denies same.

16. In connection therewith, MCG provided ELGA a Pre-Delivery Certificate of Lessee relating to the Second Lease, a true and correct copy of which is attached hereto as Exhibit 4, in which MCG unconditionally agreed to the same conditions as set forth in the Pre-Delivery Certificate of Lessee relating to the First Lease.

**ANSWER:** Defendants state that the Pre-Delivery Certificate of Lease speaks for itself and denies any allegations in Paragraph No. 16 that are inconsistent with the language in the Pre-Delivery Certificate.

17. ELGA assigned all of its right, title and interest in the Second Lease to Lakeside, and a true and correct copy of the Notice and Acknowledgement Assignment signed by MCG is attached hereto as Exhibit 5.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 17.

### III. The Guarantys of BOMA and BMG

18. In order to induce ELGA to enter into the First Lease and Second Lease with MCG, BOMA and BMB agreed that they would have a direct and primary obligation to ELGA, and absolutely and unconditionally guaranteed all payments and other obligations owed to ELGA by MCG under the First and Second Leases. True and correct copies of BOMA's and BMB's Guarantys are attached hereto as Exhibits 6 and 7 respectively.

**ANSWER:** Defendants admit that BOMA and BMB executed guarantys with respect to the First and Second Lease. The remaining allegations in Paragraph No. 18 are legal conclusions to which no response is required. To the extent an answer is required to any of the allegations contained in paragraph No. 18, Defendants deny the same.

### IV. Payment to Vendors

19. In connection with the accommodation embodied in the Pre-Delivery Certificates that MCG provided to ELGA, ELGA made payments totaling $312,991.39 to the vendors for the equipment that is the subject of the First Lease and the Second Lease. True and correct copies of ELGA's checks evidencing those payments are attached hereto as Exhibit 8. While no equipment was ever delivered, that fact is attributable to the manner in which MCG chose to manage the acquisition of the equipment from the vendors. ELGA was, at all relevant times, ready, willing and able to make full payment to acquire the equipment.

**ANSWER:** Defendants admit no equipment was delivered under the First or Second Lease but deny that fact is attributable to the manner in which MCG chose to manage the acquisition of the equipment from the vendors. Further answering, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 19.

### V. Commencement of the First Lease and Second Lease

20. In accordance with their agreement, ELGA and MCG agreed that the First Lease and the Second Lease commenced as provided for pursuant to their terms.

**ANSWER:** Defendants state that the First Lease and Second Lease speak for themselves, and deny any and all allegations inconsistent with the language in the First Lease and Second Lease. Defendants deny the remaining allegations in Paragraph No. 20.

21. Since the inception of the First Lease and the Second Lease, MCG has made 17 payments and partial payments under the First Lease totaling $69,633.59. Since the inception of the Second Lease, MCG has made 17 payments totaling $161,645.52.

**ANSWER:** Defendants deny the allegations in Paragraph No. 21.

### VI. MCG's Default Under the Leases

22. MCG defaulted under the First Lease because it has failed to make the payment due under the First Lease for July, 2017, and all payments thereafter.

**ANSWER:** Defendant MCG admits it did not make payments under the First Lease in July of 2017 or thereafter, but Defendants state that Plaintiff did receive the July 2017 rent payment. Defendants deny the remaining allegations in Paragraph No. 22.

23. MCG has defaulted under the Second Lease because it failed to make the payment due for June, 2017 and, all payments thereafter.

**ANSWER:** Defendant MCG admits it did not make a payment under the Second Lease in June of 2017 or thereafter. Defendants deny the remaining allegations in Paragraph No. 23.

24. With respect to the First Lease, payments past due and to become due totaling $191,073.20 are due from MCG to ELGA.

**ANSWER:** Defendants deny the allegations in Paragraph No. 24.

25. With respect to the Second Lease, payments past due and to become due totaling $462,551.07 are due from MCG to ELGA.

**ANSWER:** Defendants deny the allegations in Paragraph No. 25.

26. Upon MCG's default, ELGA attempted to mitigate its damages by recovering amounts paid to the equipment vendors from those vendors. As of the date of this Complaint, ELGA has only been able to recover $124,446.22 from the vendors.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the amount ELGA was able to recover from the equipment vendors. Defendants deny the remaining allegations in Paragraph No. 26.

27. As a result of MCG's default, ELGA and Lakeside are entitled, inter alia, to declare all sums due and to become due under the First Lease and the Second Lease immediately due and payable.

**ANSWER:** Defendants deny the allegations in Paragraph No. 27.

28. MCG also agreed that it would pay the cost of enforcing ELGA's and Lakeside's rights and remedies under the First Lease and the Second Lease, including reasonable attorneys' fees and costs.

**ANSWER:** Defendants deny the remaining allegations in Paragraph No. 28.

## COUNT I
## Breach of Lease

29. ELGA and Lakeside reallege and reassert paragraphs 1 through 28 of their Complaint as fully set forth herein as paragraph 29.

**ANSWER:** Defendants reallege and reassert their answers to Paragraphs 1 through 28 of the Complaint as fully set forth herein.

30. As a result of MCG's default under the First Lease and the Second Lease, MCG is liable to ELGA for payments totaling $191,073.20 under the First Lease, plus all of ELGA's attorneys' fees and costs.

**ANSWER:** Defendants deny the allegations in Paragraph No. 30.

31. As a result of MCG's default under the Second Lease, MCG is liable to Lakeside for payments totaling $462,551.07, plus all of Lakeside's attorneys' fees and costs.

**ANSWER:** Defendants deny the allegations in Paragraph No. 31.

32. To date, MCG has failed and refused to pay any of the foregoing amounts to ELGA and Lakeside.

**ANSWER:** Defendants deny the allegations in Paragraph No. 32.

## COUNT II
## Liability of BOMA and BMB

33. ELGA and Lakeside reallege and reassert paragraphs 1 through 32 of their Complaint as though fully set forth herein as paragraph 33 of their Complaint.

**ANSWER:** Defendants reallege and reassert their answers to Paragraphs 1 through 32 of the Complaint as fully set forth herein.

34. As a result of MCG's default under the First Lease and the Second Lease, BOMA and BMB, by virtue of their Guarantys, are directly liable to ELGA and Lakeside for all amounts due to ELGA and Lakeside from MCG.

**ANSWER:** Defendants deny the allegations in Paragraph No. 34.

35. BOMA and BMB are also liable to ELGA and Lakeside for all of their attorneys' fees and costs.

**ANSWER:** Defendants deny the allegations in Paragraph No. 35.

WHEREFORE, Defendants pray that all relief requested by ELGA be denied and the Amended Complaint be dismissed in its entirety, that judgment enter in favor of Defendants, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with ELGA, Defendants plead the following affirmative defenses to the Amended Complaint:

1. Plaintiff fails to state a claim for which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the failure of one or more conditions precedent.

3. Plaintiff's claims are barred in whole or in party because Plaintiff's damages, if any, were sustained as a direct and proximate result of intervening and superseding acts and/or omissions of persons or entities, other than Defendants, that were outside of Defendants' control or authority, real or apparent.

61433809.3

4. Defendants' conduct was not the proximate cause of any of the damages alleged by ELGA. As such, any damages awarded should be apportioned or reduced in accordance with applicable law.

5. Defendants are entitled to a set-off or reduction in any damages which may be awarded to ELGA for any amounts received from collateral sources.

6. To the extent that ELGA has settled or will settle in the future with any person or entity with respect to the injuries asserted in the Amended Complaint, the remaining Defendant(s)' liability, if any, should be reduced accordingly.

7. Each and every claim asserted or raised in the Amended Complaint is barred to the extent that the doctrines of accord and satisfaction, red judicata, payment, and release apply.

8. Defendants reserve the right to amend and/or add additional Affirmative Defenses and/or Counterclaims that they learn through the course of this litigation.

WHEREFORE, Defendants demand judgment in their favor and against ELGA on all of ELGA's claims, and that the Court award Defendants their attorneys' fees and costs, and such other relief as this Court deems just and proper.

61433809.3

Dated: February 23, 2018          Respectfully submitted,

         */s/ Rodney L. Lewis*
         Rodney L. Lewis
         **POLSINELLI PC**
         150 N. Riverside Plaza, Suite 3000
         Chicago, Illinois 60606
         Tel: 312.819.1900
         Fax: 312.819.1910
         rodney.lewis@polsinelli.com
         chicagodocketing@polsinelli.com

         *Attorneys for Defendant*
         *MCG Cane Bay, LLC, BOMA, L.C. and*
         *BMB Investments LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that today I caused a copy of the above and foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will sent notice to all attorneys of record.

Dated this 23rd day of February, 2018.

*/s/ Rodney L. Lewis*

61433809.3